UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MARCUS D. CALDWELL, | Civil No.   11-cv-2885-MMA (DHB) |
|---|---|
| Petitioner, | **REPORT AND RECOMMENDATION DENYING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| MATTHEW CATE, Secretary, | |
| Respondent. | **[ECF No. 4]** |

## I. INTRODUCTION

On December 9, 2011, Petitioner Marcus D. Caldwell, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Pet. for Writ of Habeas Corpus, ECF No. 1.)  Petitioner filed a First Amended Petition for Writ of Habeas Corpus on December 27, 2011. (First Am. Pet. for Writ of Habeas Corpus ("First Amended Petition"), ECF No. 4.)  Petitioner challenges the state trial court's sentencing of Petitioner to a stipulated term of six years for one count of sale of cocaine base in violation of California Health & Safety Code § 11352(a) and one strike prior under California Penal Code § 667(b)-(I).  (First Amended Petition at 10:24-11:2.)[1]  Specifically, Petitioner contends that his sentence was illegally enhanced because the prior conviction to which he admitted on the change of plea form does not pertain to him.  (First Amended Petition at 13:24-14:2.)

///

///

---

[1] Page numbers for docketed materials cited in this Report and Recommendation refer to those imprinted by the Court's electronic filing system.

## II. PROCEDURAL BACKGROUND[2]

**A.      State Criminal Proceedings**

On January 9, 2009, Petitioner and two co-defendants were charged in an Information with multiple counts of selling cocaine base. (Resp't Lodgment No. 2 at 1-6.) The Information also alleged that Petitioner had suffered three "prison priors" (Cal. Penal Code §§ 667.5(b), 668) and one "strike" prior (Cal. Penal Code §§ 667(b)-(I), 1170.12). (Resp't Lodgment No. 2 at 10-11.)

On August 17, 2009, Petitioner executed a change of plea form following a negotiated plea agreement with the district attorney. (Resp't Lodgment No. 2 at 20-22.) Petitioner agreed to plead guilty to a single count of cocaine sale in violation of California Health & Safety Code § 11352(a). (Resp't Lodgment No. 2 at 20.) In exchange, Petitioner and the district attorney agreed to a stipulated six-year prison term (three years for the offense doubled due to the prior strike). (Resp't Lodgment No. 2 at 20.)

On August 17, 2009, the trial judge conducted a thorough change of plea hearing during which Petitioner swore under oath that: (1) he had carefully reviewed the change of plea form with his attorney; (2) any questions he may have had regarding the form had been answered; (3) the decision to plead guilty was his own personal decision; (4) he admitted as true the allegation that he sold cocaine base on December 19, 2008 in violation of California Health & Safety Code § 11352(a); (5) he admitted as true the allegation that he had suffered a strike prior based on a September 14, 1992 burglary conviction; (6) he would be sentenced to a stipulated term of six years calculated based on three years for the crime itself, doubled because of the strike; and (7) all other charges against Petitioner would be dropped. (Resp't Lodgment No. 3 at 38:7-40:16, 46:12-49:8.)

On December 11, 2009, the trial judge sentenced Petitioner to the stipulated six-year term. (Resp't Lodgment No. 4 (containing Abstract of Judgment).)

**B.      State Habeas Proceedings**

Petitioner did not directly appeal his conviction and sentence. (*See* First Amended Petition at 2.) However, he has pursued several state court collateral challenges to the judgment.

---

[2] Because the factual history relating to Petitioner's crime are not germane to the issues presently before the Court, the Court focuses solely on the procedural history.

First, on June 28, 2010, Petitioner filed a petition for writ of habeas corpus in the San Diego County Superior Court, alleging that the trial judge "imposed an illegal enhancement" by doubling Petitioner's sentence based on a prior strike conviction "that doesn't exist." (Resp't Lodgment No. 4 at 3.) Petitioner argued that on December 11, 2009, he was sentenced to three years which was doubled to six years "because of the strike prior from Case # 135283." (Resp't Lodgment No. 4 at 3.) Petitioner argued, however, that he has never been convicted in Case # 135283 and that it was prejudicial error for the trial judge to sentence Petitioner to six years based on a prior strike conviction "that belongs to someone else." (Resp't Lodgment No. 4 at 3.)

On August 17, 2010, the San Diego County Superior Court denied the petition in a brief, reasoned opinion, for the following reasons:

> The Information filed by the People on February 19, 2009, clearly indicated that the prosecution was pleading/alleging that Petitioner suffered a September 14, 1992, prior strike conviction for burglary in case **CR 132533**. A review of Court records also clearly indicates that Petitioner pled guilty to that offense on September 14, 1992, and was sentenced to two years in state prison on that same date.
>
> However, when the plea sheet in the present case was filled out, either by Petitioner or his attorney, Jeff Reichert, the number "CR 1352(either 2 or 3)3" was placed in the box at paragraph 1 that details Petitioner's guilty plea and admissions.
>
> Thus, Petitioner is correct that neither case CR 135223 nor CR 135233 pertain to him. However, *Petitioner has chosen to use this obvious typographical error to waste judicial resources by filing this present petition to complain that the enhancement used here was illegal*.
>
> Petitioner is wrong because he clearly stipulated to a six-year sentence which was calculated by doubling the lower term of three years as mandated by Penal Code § 667(e)(1): "(e) For purposes of subdivisions (b) to (I), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction: (1) If a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term of an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction."
>
> *The mere fact that either Petitioner or his attorney were not careful when transposing the case number for the admitted strike to the plea agreement when the intent of all the parties and the Court are very apparent, does not negate the fact that the enhancement was properly utilized to increase the sentence* as set forth above, on the Minute Order of the sentencing hearing and the ensuing Abstract of Judgment.

(Resp't Lodgment No. 5 at 1:27-2:21 (second and third emphases added).)

Second, on October 1, 2010, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, again alleging that the trial judge "imposed an illegal enhancement" by doubling

1  Petitioner's sentence based on a prior strike conviction "that dose'nt [sic] belong to Petitioner." (Resp't
2  Lodgment No. 6 at 3.) Petitioner essentially made the same argument as he did in his first state habeas
3  petition. Notably, however, Petitioner conceded that he does have a prior strike conviction, but he
4  nevertheless argued that the enhancement of his sentence was illegal. *(See* Resp't Lodgment No. 6 at
5  6:20-22 ("Petitioner is not den[y]ing that he has a strike prior, because Petitioner does Case # CR-
6  132533 . . . but the case that's in Petitioner's plea agreement isn't his which makes the plea agreement
7  void because Petitioner can't waive his rights and take a plea agreement to a case that belongs to
8  someone else and the court can't accept those waivers, because they were never plea [sic] or proven.").)

9  On November 18, 2010, the California Court of Appeal denied the petition in a brief, reasoned
10 opinion, for the following reasons:

11  We note at the outset that petitioner's contention is an attack on his guilty plea,
     and there is no showing that he obtained a certificate of probable cause under Penal
12   Code section 1237.5 or otherwise attempted to appeal his conviction. Generally, habeas
     corpus is unavailable where an appeal lies, and a defendant cannot circumvent the
13   certificate requirement by seeking a writ of habeas corpus. (See, e.g., *In re Brown*
     (1973) 9 Cal.3d 679, 682; *In re Chavez* (2003) 30 Cal.4th 643, 651). However, even
14   if a certificate were required, petitioner's contention fails on the merits.

15   As explained in the superior court's August 17, 2010, order denying habeas
     relief, the information alleged that petitioner suffered a September 14, 1992, prior strike
16   conviction for burglary in case No. CR132533. However, either petitioner or his
     attorney handwrote on the plea agreement that the prior strike case number was "CR
17   1352[2 or 3]3." *It was obvious to the trial court, as it is to this court, that petitioner is
     attempting to seize upon this error in transposing the numbers of his prior strike*
18   *conviction to obtain relief.* Petitioner fails to state a prima facie case because he
     concedes in his petition that he "is not den[y]ing that he has a strike prior, because
19   petitioner does case # CR-132533 which petitioner was sent to prison on [September]
     14[,] 1992 . . . " (*People v. Duvall* (1995) 9 Cal.4th 464, 474.)
20

21 (Resp't Lodgment No. 7 at 1-2 (emphasis added).)

22  Third, on December 23, 2010, Petitioner filed a petition for writ of habeas corpus in the
23 California Supreme Court in which he again sought relief from an "illegal enhancement" based on the
24 change of plea form's inclusion of an incorrect case number for Petitioner's prior strike conviction.
25 (Resp't Lodgment No. 8.) On June 8, 2011, the California Supreme Court denied this petition without
26 comment or citation. (Resp't Lodgment No. 9.)

27  Finally, on July 18, 2011, Petitioner filed another challenge in the California Court of Appeal
28 that he titled a petition for writ of mandamus. (Resp't Lodgment No. 10 at 3.) Petitioner sought relief

1  on three grounds: (1) his plea agreement was defective due to the invalid prior strike used to enhance
2  his sentence; (2) the doctrine of collateral estoppel precludes the court from using a constitutionally
3  invalid prior strike to enhance his sentence; and (3) the trial court erred when it failed to correct the
4  unauthorized sentence by allowing Petitioner to withdraw his plea. (Resp't Lodgment No. 10 at 4.)
5        On September 27, 2011, the California Court of Appeal deemed the petition for writ of mandate
6  to be a petition for writ of habeas corpus, and denied the petition as successive because it made the same
7  arguments as were previously raised and denied, and there was no change in the applicable law or facts
8  to justify reconsideration. (Resp't Lodgment No. 11 at 1-2.)

9  **C.     Federal Habeas Proceedings**

10       On December 9, 2011, Petitioner initiated the instant action by filing a Petition for Writ of
11 Habeas Corpus. (ECF No. 1.) On December 13, 2011, District Judge Michael M. Anello dismissed the
12 initial federal petition without prejudice because Petitioner: (1) failed to either pay the required filing
13 fee or file an application to proceed in forma pauperis; and (2) failed to allege exhaustion of state court
14 remedies. (*See* Order Dismissing Pet. Without Prejudice, ECF No. 2.)
15       On December 27, 2011, after having paid the required filing fee, Petitioner filed his First
16 Amended Petition for Writ of Habeas Corpus. (ECF No. 4.) Petitioner's First Amended Petition raises
17 three grounds for relief. In Ground One, Petitioner contends that he was not given notice of the offense
18 used to enhance his sentence, thus rendering his sentence illegal and his guilty plea involuntary. (First
19 Amended Petition at 6.) In Ground Two, Petitioner contends that his sentence is "illegal and materially
20 false, and lacking in Due Process," based on the trial court's consideration of inadmissible evidence
21 used as a prior. (First Amended Petition at 7.) Finally, in Ground Three, Petitioner cites to the Supreme
22 Court's decision in *Gideon v. Wainwright*, 372 U.S. 335 (1963), in contending that his sentence is
23 "illegal and is founded on misinformation" because the prior conviction used to enhance his sentence
24 was invalid. (First Amended Petition at 8.)
25       On February 29, 2012, Respondent filed an Answer to the First Amended Petition and supporting
26 memorandum of points and authorities. (Answer to Pet. for Writ of Habeas Corpus ("Answer"), ECF
27 No. 6.) On that same date, Respondent lodged the state court record with the Court. (Notice of
28 Lodgment, ECF No. 7.) Respondent contends that the claims asserted in Grounds One and Two are

unexhausted as they were not fairly presented to the California Supreme Court. (Answer at 9:11-28.) As to Ground Three, Respondent contends that the claim, although exhausted, is procedurally defaulted since the last reasoned decision (from the California Court of Appeal) recognized that the claim was procedurally barred by Petitioner's failure to obtain the requisite certificate of probable cause prior to challenging his guilty plea. (Answer at 10:6-13.) Notwithstanding Respondent's arguments that the claims in Grounds One and Two are unexhausted and the claim in Ground Three is procedurally defaulted, Respondent contends that the First Amended Petition should be denied since each of the three grounds for relief fail on the merits. (Answer at 10:16-16:10.)

Petitioner filed his Traverse on March 19, 2012. (Pet'r's Traverse to Resp't's Return ("Traverse"), ECF No. 8.)

### III. DISCUSSION

**A.   Legal Standards**

    **1.   Federal Habeas Relief**

The First Amended Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Under AEDPA, a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes a "'highly deferential standard for evaluating state court rulings,'" requiring "that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh*, 521 U.S. at 333 n.7).

A federal habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 131 S. Ct. 770, 784 (2011) ("By its terms § 2254(d)

bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2).").

"A state-court decision is 'contrary to' [the Supreme Court's] clearly established precedents if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases,' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). To be found an "unreasonable application" of Supreme Court precedent under § 2254(d)(1), "the state court's decision must have been more than incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (citing *Lockyer v. Andrade*, 538 U.S. 63 (2003)). Rather, "[t]he state court's application must have been 'objectively unreasonable.'" *Id.* (quoting *Williams*, 529 U.S. at 409).

In applying § 2254(d)(2), federal courts must defer to reasonable factual determinations made by the state courts, to which a statutory presumption of correctness attaches. 28 U.S.C. § 2254(e)(1); *see also Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) ("AEDPA . . . requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'") (quoting 28 U.S.C. § 2254(e)(1)).

"In determining whether a state court decision is contrary to federal law, [federal courts] look to the state's last reasoned decision" addressing the claim. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000)). Only "[w]hen a state court does not furnish a basis for its reasoning" must a federal habeas court conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000), *overruled on other grounds by Lockyer*, 538 U.S. at 75-76; *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). However, a state court need not cite Supreme Court precedent when resolving a habeas corpus claim. *Early*, 537 U.S. at 8. A state court decision will not be "contrary to" clearly established Supreme Court precedents "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Id.*

///

### 2. Exhaustion

Before a federal habeas petitioner can avail himself of federal court jurisdiction to rule on the merits of his federal petition, he must have first exhausted available state judicial remedies. 28 U.S.C. § 2254(b)(1)(A); *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) ("[A] state prisoner may initiate a federal habeas petition '[only] if the state courts have had the first opportunity to hear the claim sought to be vindicated.'") (quoting *Picard v. Connor*, 404 U.S. 270, 276 (1971)). "This exhaustion requirement is . . . grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The critical question in determining whether a federal claim has been exhausted is whether it has been "fairly presented" to the state courts. *Picard*, 404 U.S. at 275; *accord Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).

To fairly present a federal claim in state court, "it is not sufficient merely that the federal habeas application has been through state courts." *Picard*, 404 U.S. at 275-76. Instead, the petitioner must clearly state a ground for relief arising under the federal constitution so that the state court is apprised of the federal nature of the claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). "A petitioner can satisfy the exhaustion requirement by providing the highest state court with a fair opportunity to consider each issue before presenting it to the federal court." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) (citing *Picard*, 404 U.S. at 276; *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996)). "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Id.* (citing *Duncan*, 513 U.S. at 365 (legal basis); *Correll v. Stewart*, 137 F.3d 1404, 1411-12 (9th Cir. 1997) (factual basis)); *see also Picard*, 404 U.S. at 277 (addressing whether a petitioner provided the state court "an opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim.") (quotation omitted).

"[I]dentical grounds [for exhaustion purposes] may often be proved by different factual allegations. So also, identical grounds may often be supported by different legal arguments, . . . or be couched in different language, . . . or vary in immaterial respects." *Sanders v. United States*, 373 U.S. 1, 16 (1963) (citations omitted). "Should doubts arise in particular cases as to whether two grounds are

different or the same, they should be resolved in favor of the applicant." *Id.*; *see also Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"); *Jones v. Smith*, 231 F.3d 1227, 1231 (9th Cir. 2000) (petitioner's invocation of Sixth Amendment before state court "was sufficient to keep the issue alive in state courts, notwithstanding that his state court briefs predominantly cited state court cases"); *Chacon v. Wood*, 36 F.3d 1459, 1467-68 (9th Cir. 1994) ("[A] petitioner need not have even identified any specific constitutional provision before the state court. So long as a defendant presents the state courts 'with all the operative facts giving rise to the asserted constitutional principle,' we have held that it would be unnecessary for him to cite to the state court book and verse on the federal constitution.") (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)); *Miller v. Rowland*, 999 F.2d 389, 391 (9th Cir. 1993) (per curiam) ("A habeas petitioner may . . . reformulate somewhat the claims made in state court; exhaustion requires only that the substance of the federal claim be fairly presented."); *Lamberti v. Wainwright*, 513 F.2d 277, 282 (5th Cir. 1975) ("A habeas petitioner need not spell out each syllable of his claim before the state courts in order to satisfy the exhaustion requirement of § 2254(b). It suffices that the substantial equivalent of a petitioner's federal habeas claim has been argued in the state proceedings.").

AEDPA makes clear that the requirement that state judicial remedies be exhausted prior to seeking federal habeas relief does not entirely divest a federal habeas court from jurisdiction to resolve the claim on the merits. Indeed, AEDPA provides that "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *see also Granberry v. Greer*, 481 U.S. 129, 134-35 (1987) ("[I]f it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition, and the court of appeals affirms the judgment of the district court forthwith."); *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005) ("join[ing] our sister circuits in adopting the *Granberry*

1 standard and hold[ing] that a federal court may deny an unexhausted petition on the merits only when
2 it is perfectly clear that the applicant does not raise even a colorable federal claim").

### 3. Procedural Default

Procedural default under state law "is a related but separate question" from exhaustion of state remedies. *Matias v. Oshiro*, 683 F.2d 318, 321 (9th Cir. 1982). The independent and adequate state ground doctrine, which, like the doctrine of exhaustion, is also "grounded in concerns of comity and federalism," "applies to bar federal habeas [relief] when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 729-31 (citing *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977); *Ulster Cnty. Court v. Allen*, 442 U.S. 140, 148 (1979); *Harris v. Reed*, 489 U.S. 255, 262 (1989)). "If indeed the state court of last resort did exercise its opportunity to act on [a petitioner's] federal constitutional claims, then no procedural default occur[s] that would bar federal review of those claims." *Park v. California*, 202 F.3d 1146, 1151 (9th Cir. 2000).

> Under the adequate and independent state grounds doctrine, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman*[,] 501 U.S. [at] 729 . . . . "The procedural default doctrine is a specific application of the general adequate and independent state grounds doctrine." *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994). The procedural default doctrine "bars federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." [*Coleman*, 501 U.S. at 729-30.]

*Fields v. Calderon*, 125 F.3d 757, 761-62 (9th Cir. 1997); *accord Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

"To be 'adequate,' the state procedural rule [applied by the state court] must be 'strictly or regularly followed' and 'consistently applied.'" *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001) (quoting *Morales v. Calderon*, 85 F.3d 1387, 1392 (9th Cir. 1996)). "For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." *Id.* (citing *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983); *Harris*, 489 U.S. at 265). "A state law ground is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'"

1 *Park*, 202 F.3d at 1152 (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

2       The procedural default doctrine does not apply where the last reasoned decision of the state court reached the merits of the federal claim. *See Harris*, 489 U.S. at 265 n.12 ("[I]f the state court under state law chooses not to rely on a procedural bar . . ., then there is no basis for a federal habeas court's refusing to consider the merits of the federal claim.") (citing *Allen*, 442 U.S. at 147-54); *see also Cone v. Bell*, 556 U.S. 449, 468 (2009) ("When a state court declines to find that a claim has been waived by a petitioner's alleged failure to comply with state procedural rules, our respect for the state-court judgment counsels us to do the same. Although we have an independent duty to scrutinize the application of state rules that bar our review of federal claims, [citation omitted], we have no concomitant duty to apply state procedural bars where state courts have themselves declined to do so.").

11       When the state court opinion does not clearly indicate whether the court reached the merits of the federal claim or instead relied on a state procedural bar, federal courts "will presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy or independence of any possible state law ground is not clear from the face of the opinion.'" *Coleman*, 501 U.S. at 735 (quoting *Long*, 463 U.S. at 1040-41); *see also Siripongs v. Calderon*, 35 F.3d 1308, 1317 (9th Cir. 1994) ("[U]nless the state court makes clear that it is resting its decision denying relief on an independent and adequate state ground, it is presumed that the state denial was based at least in part upon federal grounds, and the petitioner may seek relief in federal court.").

20       Stated differently, "a procedural default does not bar consideration of a federal claim on . . . habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263 (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)). The Supreme Court has stated that in order for the procedural default doctrine to bar a federal claim, the state court opinion must contain a "plain statement" that its decision is based on an adequate and independent state ground, that is, that the state court opinion contain "an explicit reliance on a state-law ground." *Id.* at 266.

27       When a state's highest court affirms a lower court's denial of habeas relief without explanation, the federal habeas court will "look through" the unexplained order to the last reasoned decision to

determine if that decision fairly appears to rest primarily upon federal law or whether it instead relies on a state procedural bar. *See Ylst*, 501 U.S. at 802. The federal court will then presume that:

> later *unexplained* orders upholding that judgment or rejecting the same claim rest upon the same ground [as the last *explained* judgment]. If an earlier opinion "fairly appear[s] to rest primarily upon federal law," *Coleman*, [501 U.S.] at 740, [the federal court] will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place. Similarly where . . . the last reasoned opinion on the claim explicitly imposes a procedural default, [the federal court] will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.

*Id.* at 803 (emphasis added). This "look through" presumption can only be overcome upon a showing by the party seeking to rebut the presumption of "*strong* evidence that the presumption, as applied, is wrong." *Id.* at 805.

**B.      Analysis**

      **1.      Petitioner Exhausted State Judicial Remedies**

As discussed above, a state prisoner alleging violation of federal rights must exhaust available state judicial remedies prior to seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Vasquez*, 474 U.S. at 257. The exhaustion doctrine requires that a petitioner "fairly present" his federal claim in state court, *Picard*, 404 U.S. at 275, such that the state court is afforded "a sufficient opportunity to hear . . . the issue's *factual and legal basis*." *Weaver*, 197 F.3d at 364 (citing *Duncan*, 513 U.S. at 365; *Correll*, 137 F.3d at 1411-12) (emphasis added).

Here, Petitioner raised the same *factual* grounds in the state habeas proceedings as he raises in the instant federal petition, that is, that his sentence was illegally enhanced because the prior conviction listed on the change of plea form is not his conviction. *See Picard*, 404 U.S. at 276 ("[T]his is not a case in which factual allegations were made to the federal courts that were not before the state courts.") (citations omitted). The only question then is whether the *legal* grounds now raised were "fairly presented" to the state court such that the exhaustion requirement is satisfied. This Court finds that they were, and that none of Petitioner's claims should be barred for failure to exhaust state judicial remedies.

Petitioner argued to the California Supreme Court that the trial judge "imposed an illegal enhancement" by doubling his sentence based on a prior strike conviction that belongs to Arnold Lamont Johnson, and not to Petitioner. (Resp't Lodgment No. 8 at 4.) Petitioner also contended that

1 this alleged judicial error resulted in a miscarriage of justice and a violation of Petitioner's rights under
2 the Fourth, Eighth and Fourteenth Amendments. (Resp't Lodgment No. 8 at 7.) Petitioner's habeas
3 petition to the California Supreme Court also made reference to the Fifth and Sixth Amendments.
4 (Resp't Lodgment No. 8 at 10.)

Petitioner's instant First Amended Petition contends that his sentence is "illegal" based on three theories: (1) he was not given notice of the offense used to enhance his sentence; (2) the trial court considered inadmissible evidence during sentencing; and (3) the prior conviction used to enhance his sentence was invalid. (First Amended Petition at 6-8.) Although the legal theories advanced in Petitioner's federal petition appear more fleshed out, in both the state and federal proceedings Petitioner has made what is essentially a Due Process claim.[3]

In *Medley v. Runnels*, 506 F.3d 857, 859 (9th Cir. 2007), a state prisoner was convicted in California state court of murder and a related twenty-year enhancement for discharge of a firearm during the commission of a felony. One of the petitioner's arguments to the federal habeas court was that the

---

[3] Petitioner also alludes to an alleged equal protection violation. (*See* First Amended Petition at 9:25-27.) However, Petitioner does not allege any facts that would support such a generalized claim.

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race, religion, or membership in a protected class subject to restrictions and limitations necessitated by legitimate penological interests." *Juarez v. Salinas*, No. 2:11-cv-1811 KJM JFM (HC), 2011 U.S. Dist. LEXIS 148145, at *7 (E.D. Cal. Dec. 23, 2011) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Bell v. Wolfish*, 441 U.S. 520, 545-46 (1979)). "The Equal Protection Clause . . . commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).

> Violations of equal protection are shown when a respondent intentionally discriminated against a petitioner based on membership in a protected class [citation] or when a respondent intentionally treated a member of an identifiable class differently from other similarly situated individuals without a rational basis, or a rational relationship to a legitimate state purpose, for the difference in treatment.

*Juarez*, 2011 U.S. Dist LEXIS 148145, at *8 (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)).

In this case, Petitioner does not allege that membership in a protected class was the basis of any alleged discrimination. Rather, the First Amended Petition simply alleges generally and in a conclusory fashion that his equal protection rights were violated. (First Amended Petition at 9:25-27.) Moreover, the Court does not find any factual basis for an inference of an intent to discriminate based on an impermissible characteristic. Therefore, to the extent Petitioner is indeed seeking to vindicate a violation of his rights under the Equal Protection Clause, he cannot state such a claim that would entitle Petitioner to federal habeas corpus relief.

state trial court violated his due process rights by instructing the jury that a flare gun is a firearm, thus taking this fact-finding determination away from the jury. *Id.* The petitioner had also "raised the flare gun issue in his state habeas petition." *Id.* at 863. In connection with the petitioner's appeal of the district court's order denying his federal habeas petition, the government argued that the claim he had made in federal court was:

> not identical to the one that was exhausted in state court. The State contends that [petitioner] had only argued in state court that the judge had given the jury a conclusive presumption, which, in the State's view, is not taking a finding of fact from the jury. Although a conclusive presumption and a finding of fact are analytically distinct, [petitioner's] constitutional claim is nonetheless the same: he claims he was convicted based on a fact not proved to the jury beyond a reasonable doubt. He asserted this constitutional claim in his state habeas petitions, and his collateral challenge is sufficient to constitute exhaustion.

*Id. (*citing *Johnson*, 88 F.3d at 829).

Similarly, here, Petitioner's "constitutional claim is nonetheless the same: he claims [his sentence was illegally enhanced based on a prior conviction that was not his]. He asserted this constitutional claim in his state habeas petitions, and his collateral challenge is sufficient to constitute exhaustion." *Id.*; *see also Picard*, 404 U.S. at 277 (recognizing that a claim may be exhausted in cases were the "ultimate question for disposition [citation omitted] will be the same despite variations in the legal theory or factual allegations urged in its support"); *accord Miller*, 999 F.2d at 389.

The Court's finding regarding exhaustion is further supported by the general principle that courts have a duty to liberally construe the pleadings of *pro se* individuals. *See Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (citing *Maleng v. Cook*, 490 U.S. 488, 493 (1989) (per curiam)). Moreover, "[s]hould doubts arise . . . as to whether two grounds are different or the same, they should be resolved in favor of the applicant." *Sanders*, 373 U.S. at 16.

Accordingly, the Court recommends that Respondent's argument that the claims in Grounds One and Two of the First Amended Petition are unexhausted should be denied and that the merits of those claims should be considered.[4]

///

---

[4] Even if the claims in Grounds One and Two were determined to be unexhausted, the Court would nevertheless consider the merits of those claims because, as discussed below, "it is perfectly clear that [Petitioner] does not raise even a colorable federal claim." *Cassett*, 406 F.3d at 624.

### 2. Petitioner's Claims Are Not Procedurally Defaulted

Respondent briefly contends that the claim in Ground Three of the First Amended Petition is procedurally defaulted because although the last reasoned decision "denied the claim on the merits, [the California Court of Appeal] also recognized that the challenge was barred by a procedural rule. [Petitioner's challenge to his guilty plea could not be reviewed without his first obtaining a certificate of probable cause." (Answer at 10:8-10.) "Respondent asserts that this procedural default is independent of federal law and adequate to preclude federal habeas corpus review." (Answer at 10:11-12 (citing *Walker v. Martin*, 131 S. Ct. 1120 (2011); *Bennett*, 322 F.3d at 586).)

Petitioner responds that his claim should not be procedurally defaulted because "the information and facts alleged herein were not discovered until after the time period had tolled to file an appeal. The only available vehicle to seek redress for Petitioner's unlawful sentence is this petition for writ of habeas corpus." (Traverse at 7:11-16.)

To determine whether the claim in Ground Three is barred based on the procedural default doctrine, the Court "looks through" to the California Court of Appeal opinion denying Petitioner's state habeas petition. (Resp't Lodgment No. 7.) A review of that opinion demonstrates that the state petition was not denied based on Petitioner's failure to comply with California's procedural requirement that he obtain a certificate of probable cause; rather, the petition was denied on the merits. Although the California Court of Appeal raised the prospect that Petitioner failed to comply with the state procedural rule, the court did not "clearly and expressly" rely on the procedural rule when denying the petition. Rather, the court expressly stated that "*even if a certificate were required*, petitioner's contention fails on the merits." (Resp't Lodgment No. 7 at 1 (emphasis added).) The opinion went on to expressly address the merits of Petitioner's claim. (Resp't Lodgment No. 7 at 1-2.) Because the state court did not "make[] clear that it [was resting its decision denying relief on an independent and adequate state ground, it is presumed that the state denial was based at least in part upon federal grounds, and the [P]etitioner may seek relief in federal court." *Siripongs*, 35 F.3d at 1317.

Accordingly, the Court recommends that Respondent's argument that the claim in Ground Three of the First Amended Petition is procedurally defaulted should be denied and that the merits of that claim should be considered.

### 3. Petitioner's Claims Fail on the Merits

Based on the Court's review of the record, and pursuant to the authority discussed in Part III(A)(1), *supra*, the Court determines that the state court's denial of Petitioner's habeas petition is neither contrary to, nor an unreasonable application of clearly established federal law, nor is it based on an unreasonable determination of the facts in light of the evidence presented to the state court. *See* 28 U.S.C. § 2254(d). Accordingly, Petitioner cannot prevail on the merits of his First Amended Petition.

Petitioner has failed to provide the Court with any authority, nor has the Court been able to locate any authority, supporting Petitioner's argument that his sentencing enhancement was actually based on the conviction of Arnold Lamont Johnson in Case No. CR 135283. Rather, based upon the record before it, the California Court of Appeal made the factual determination that the reference on the change of plea form to the incorrect case number was an "error in transposing the numbers of [Petitioner's] prior strike conviction." (Resp't Lodgment No. 7 at 1.) Such a factual determination was reasonable in light of the evidence before the state court. Indeed, the record demonstrates that during the change of plea hearing Petitioner, under oath, admitted as true the prosecution's allegation that he had suffered a prior strike based on a September 14, 1992 conviction for burglary, and he affirmed his understanding that his sentence would be doubled based on that prior strike. (Resp't Lodgment No. 3 at 40:1-11, 48:14-28.) Thus, there is no merit to Petitioner's claim in Grounds Two and Three that his sentence is illegally based on inadmissible evidence or an invalid prior strike conviction.

Moreover, there is no merit to Petitioner's argument in Ground One that he was not given notice of the offense used to enhance his petition. The Information clearly charged Petitioner with a prior strike based on the burglary conviction in Case No. CR 132533. (Resp't Lodgment No. 2 at 11.)

Thus, the state court's denial of Petitioner's federal claims was neither contrary to, nor an unreasonable application of clearly established federal law, and it was not based on an unreasonable determination of the facts presented to the state court. Accordingly, the Court hereby recommends that Petitioner's First Amended Petition be **DENIED** in its entirety.

### IV. CONCLUSION

The Court submits this Report and Recommendation to United States District Michael M. Anello pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2007) and Local Civil Rule 72.1(d). For the

reasons outlined above, IT IS HEREBY RECOMMENDED that the District Judge issue an order:

    1.    Approving and adopting this Report and Recommendation; and

    2.    Directing that the Petition be **DENIED**.

IT IS FURTHER ORDERED that **no later than August 28, 2012**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties **no later than September 11, 2012**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: August 6, 2012

DAVID H. BARTICK
United States Magistrate Judge